THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FT GLOBAL CAPITAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FUTURE FINTECH GROUP, INC., ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION FILE NO. |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Future FinTech Group, Inc. ("Defendant" or "Future FinTech") in the Complaint for Breach of Contract and Fraud ("Complaint") of Plaintiff FT Global Capital, Inc. ("Plaintiff" or "FT Global"), hereby removes this civil action pursuant to U.S.C. §§ 1332, 1441, and 1446, from the Fulton County Superior Court, State of Georgia, entitled *FT Global Capital, Inc. v. Future FinTech Group, Inc.*, Case No. 2021CV344614 ("State Court Action") to the United States District Court for the Northern District of Georgia, Atlanta Division, expressly preserving all defenses.

1

Assuming, for the purposes of removal only, that the allegations in the Complaint are true, removal is proper because minimal diversity jurisdiction exists and the amount in controversy exceeds $75,000.00.

This Notice of Removal is timely because it has been filed within thirty (30) days from the date Defendant was served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

## **PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL**

1. On January 14, 2021, Plaintiff filed the Complaint against Future FinTech in the State Court Action.

2. Plaintiff served Future FinTech with the State Court Action Summons and Complaint on January 19, 2021. This Notice of Removal is therefore timely because it is filed within thirty (30) days of service of the Complaint upon Defendant. *See* 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached as Exhibit A, a copy of all process, pleadings, and orders, served upon Future FinTech in the State Court Action. Attached as Exhibit B is a copy of the docket (Case Summary) in the State Court Action.

4. As of the date of removal, Defendant has not filed a responsive pleading to the Complaint.

5. The Complaint asserts claims against Defendant for breach of contract, breach of the covenant of good faith and fair dealing, fraud, and attorneys' fees pursuant to O.C.G.A. §13-6-11, for Defendant's alleged violation of certain terms and conditions of an Exclusive Placement Agent Agreement by consummating a securities purchase agreement with two investors identified in Plaintiff's Protected Investors List and by failing to pay Plaintiff a Placement Agent Fee pursuant to the Exclusive Placement Agent Agreement. *See* Compl., generally.

6. Plaintiff seeks damages arising from the breach of the Exclusive Placement Agent Agreement, punitive damages, attorneys' fees, pre-judgment interest and costs. *Id.* at WHEREFORE Clause subparts (b)-(g).

## JURISDICTION AND BASIS FOR REMOVAL

7. This action is removable pursuant to 28 U.S.C. § 1441(a) because this is an action over which this Court has original jurisdiction.

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), which grants district courts original jurisdiction over actions (1) involving citizens of different states and (2) the amount in controversy exceeds $75,000.00 in the aggregate, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). These conditions are satisfied in this action for the reasons set forth below.

9. Furthermore, Plaintiff consented to jurisdiction in this Court pursuant to Section 9 of the Exclusive Placement Agent Agreement which states in relevant part:

> SECTION 9. GOVERNING LAW. This Agreement will be governed by, and construed in accordance with, the laws of the State of Georgia applicable to agreements made and to be performed entirely in such State. . . . Any dispute arising under this Agreement may be brought into the courts of the State of Georgia located in Fulton County or into the Federal Court located in Atlanta, Georgia and, by execution and delivery of this Agreement, the Company hereby accepts for itself and in respect of its property, generally and unconditionally, the jurisdiction of aforesaid courts.

**There is Minimal Diversity of Citizenship**

10. Minimal diversity exists between Future FinTech and FT Global under 28 U.S.C. § 1332(a). Diversity of citizenship is satisfied where the matter in controversy "is between citizens of different States." 28 U.S.C. § 1332(a).

11. FT Global is alleged to be a corporation organized under the laws of the State of Georgia with its principal place of business in Georgia. *See* Compl. ¶ 1.

12. Accordingly, FT Global is a citizen of Georgia for diversity purposes because it is incorporated in Georgia and its principal place of business is in Georgia. *See* 28 U.S.C. § 1332(c)(1) (stating that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

13. Future FinTech is a corporation headquartered in New York and incorporated in the State of Florida.

14. Accordingly, Future FinTech is a citizen of New York and Florida for diversity purposes. *Id.*

15. Because FT Global and Future FinTech are citizens of different States, the requirement for minimal diversity is satisfied. *See* 28 U.S.C. § 1332(a).

### The Amount in Controversy Exceeds $75,000

16. The amount in controversy in this action satisfies the $75,000.00 jurisdictional threshold, exclusive of interest and costs. 28 U.S.C. § 1332(a).

17. Plaintiff seeks damages against Defendant for its alleged breach of the Exclusive Placement Agent Agreement and breach of the implied covenant of good faith and fair dealing in the amount of no less than $2,380,000.00, punitive damages for Defendant's alleged breach of the implied covenant of good faith and fair dealing and fraud, and attorneys' fees. *See* Compl. at WHEREFORE Clause subparts (b)-(g).

18. Thus, while Defendant disputes that it is liable to Plaintiff or that Plaintiff suffered injury or incurred damages in any amount, whatsoever, to the extent Plaintiff seeks to recover damages, punitive damages, and attorneys' fees, the amount in controversy exceeds the threshold amount for satisfying the jurisdictional prerequisites.

## **VENUE AND PROCEDURE**

19. Plaintiff filed this action in the Fulton County Superior Court of the State of Georgia.

20. This action is thus properly removed to the United States District Court for the Northern District of Georgia, Atlanta Division, which embraces Fulton County within its jurisdiction. 28 U.S.C. § 1441(a).

21. Pursuant to 28 U.S.C. § 1446(d), counsel for Plaintiff will be served with a copy of this Notice of Removal.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Court for the Fulton County Superior Court for the State of Georgia.

23. In light of the foregoing, removal of this case to the United States District Court for the Northern District of Georgia is proper.

24. In filing this Notice of Removal, Defendant does not waive and expressly preserves, any and all defenses to the Complaint, including but not limited to, defenses of personal jurisdiction and improper venue, and reserves the right to move the Court concerning any such defenses upon removal to this Court.

25. The undersigned has read this Notice of Removal and to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and it is not interposed for any improper purpose.

WHEREFORE, Defendant Future FinTech Group, Inc., respectfully prays that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division and notifies this Court, the state court, and Plaintiff of removal of this action from the Fulton County Superior Court to the United States District Court for the Northern District of Georgia, Atlanta Division.

## CERTIFICATION OF FONT

I hereby certify that this Notice of Removal was prepared using one of the font and point selections approved by the Court in LR 5.1B.

Respectfully submitted,

FISHERBROYLES, LLP

*/s/ Diem N. Kaelber*
Diem N. Kaelber
Georgia Bar No. 0087155
(Also barred in California, Florida, and Ohio)

*Attorneys for Defendant*
*Future FinTech Group, Inc.*

Mail: 21081 Canyon View Drive
Saratoga, CA 95070
(408) 898-3170 (Office)
(866) 414-5083 (Facsimile)
diem.kaelber@fisherbroyles.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Notice of Removal* was filed electronically on February 9, 2021. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record in this action. Notice of this filing also will be served on this date by U.S. mail, first class, postage prepaid upon the following counsel of record:

>Matthew H. Schwartz
>Schwartz Law Center, LLC
>2985 Gordy Parkway
>Suite 550
>Marietta, Georgia 30066

>This 9th day of February, 2021.

Respectfully submitted,

>FISHERBROYLES, LLP

>*/s/ Diem N. Kaelber*
>Diem N. Kaelber
>Georgia Bar No. 0087155
>(Also barred in California, Florida, and Ohio)

>*Attorneys for Defendant*
>*Future FinTech Group, Inc.*

Mail: 21081 Canyon View Drive
Saratoga, CA 95070
(408) 898-3170 (Office)
(866) 414-5083 (Facsimile)
diem.kaelber@fisherbroyles.com