**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FT GLOBAL CAPITAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-00594-JPB |
| | ) | |
| FUTURE FINTECH GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT FUTURE FINTECH GROUP, INC.'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN
SUPPORT**

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendant Future FinTech Group, Inc. ("Defendant" or "Future FinTech") in the Complaint for Breach of Contract and Fraud ("Complaint") of Plaintiff FT Global Capital, Inc. ("Plaintiff" or "FT Global"), hereby moves the Court to dismiss Plaintiff's Complaint filed herein, and files this Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support, stating as follows:

## INTRODUCTION

On December 29, 2020, Future FinTech entered into a securities purchase transaction with certain institutional investors.  A third-party broker dealer was used to facilitate that transaction pursuant to an exclusive placement agent agreement, dated December 14, 2020.  Plaintiff filed the instant action alleging breach of contract, breach of the covenant of good faith and fair dealing, and fraud as a result of Future FinTech's alleged failure to compensate Plaintiff under the terms of an expired placement agent agreement between the parties, notwithstanding the fact that Plaintiff did not introduce or "wall cross" the investors with whom Future FinTech consummated the securities transaction.  For the reasons set forth herein, Plaintiff has failed to state a claim upon which relief can be granted and, accordingly, the Complaint should be dismissed.

## MEMORANDUM OF LAW IN SUPPORT

## I.     PROCEDURAL BACKGROUND

On January 14, 2021, Plaintiff filed this lawsuit against Defendant in the Superior Court of Fulton County for breach of contract, breach of the covenant of good faith and fair dealing, fraud, and attorneys' fees pursuant to O.C.G.A. §13-6-11.  (Doc. 1).  Defendant timely removed the case to this Court on February 9, 2021, based on diversity of jurisdiction.  (Doc. 1)  Defendant now moves to dismiss

2

Plaintiff's Complaint on the ground that Plaintiff has failed to state a claim against Defendant upon which relief can be granted on its claims for breach of contract, breach of the covenant of good faith and fair dealing, fraud (which is also not pleaded with particularity), and attorneys' fees pursuant to O.C.G.A. §13-6-11.

## II.    PLAINTIFF'S ALLEGATIONS AND FACTUAL BACKGROUND

Future FinTech is a leading blockchain technology R&D application company incorporated in Florida.  The operation of the company includes a blockchain based online shopping mall platform, Chain Cloud Mall ("CCM"), an incubator for blockchain based application projects and a cross-border e-Commerce platform "NONOGIRL".  Future FinTech is also engaged in development of blockchain based e-Commerce technology and financial technology.  According to its Complaint, Plaintiff is a Georgia domiciled Broker/Dealer that offers institutional investment banking, merger and acquisition and other financial services whose primary business is to provide capital raising service to US and China based companies which are publicly listed on US stock exchanges. (Doc. 1 - Compl. at ¶ 1).

The Complaint states that, on or about July 28, 2020, the Plaintiff and Defendant entered into an Exclusive Placement Agent Agreement (the "Agreement"), "on a 'best efforts' basis, in connection with public or private offering or other financing or capital-raising transaction (each a "Placement") of

unregistered or registered securities (the "Securities") of the Company." (Doc. 1 - Ex. A to Compl.). The term of the Agreement was for a period of the earlier of three months or the completion of the placement. *Id.* Under the Agreement, Plaintiff was entitled to certain compensation "with respect to any public or private offering or other financing or capital-raising transaction of any kind ('Tail Financing') to the extent that such financing or capital is provided to the Company by investors whom the Placement Agent had introduced to the Company during the Term or investors 'wall-crossed' by the Placement Agent in connection with the Placement, if such Tail Financing is consummated at any time within the 12-month period following the termination of this Agreement (the 'Tail Period') provided that, at the request of the Company or within 10 days after termination or this Agreement, Placement Agent shall provide a written list of such investors Placement Agent had introduced or "wall-crossed" to the Company during the Term." *Id.*

During the term of the Agreement, Plaintiff only introduced one potential investor to Future FinTech. However, on November 2, 2020, following the October 28, 2020 expiration of the Agreement, Plaintiff submitted an Investors List for Tail Period that identified 12 investors Plaintiff alleged were in talks "with FTFT through FT Global Capital exclusively in regards to a potential financing as defined in Section 1A, B and C of the signed placement agent agreement." On or about

November 29, 2020, Plaintiff introduced another potential investor to Future FinTech. On or about December 14, 2020, Future FinTech entered into a subsequent engagement agreement with Alliance Global Partners ("AGP") for exclusive placement agent services. On December 29, 2020, Future FinTech entered into an agreement with institutional investors for the purchase and sale of shares of its common stock and common stock warrants to purchase shares of common stock at a combined purchase price of $8,000,007 in a registered direct offering. AGP served as the sole placement agent for the offering. Neither of the two institutional investors involved in the December 29, 2020 transaction were identified in Plaintiff's Investors List submitted to Future FinTech on November 2, 2020.

Notwithstanding the foregoing, on December 29, 2020, Future FinTech received e-mail communication from Patrick Ko, Plaintiff's President, alleging that the securities purchase transaction had been consummated as a result of Plaintiff's services and demanding payment in the amount of $880,000 pursuant to Section 1(A) of the expired Agreement. Future FinTech rejected that demand, and Plaintiff initiated the instant action.

## III.   APPLICABLE LEGAL STANDARD

Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of Plaintiff's Complaint, there is a dispositive legal issue that

precludes relief or if the claim is based on an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Brown v. Crawford Cnty.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992). A Rule 12(b)(6) motion to dismiss also tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). To state a claim with sufficient specificity requires that the complaint have enough factual matter, which when taken as true, suggests the required elements of the claim. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)).

## IV.   ARGUMENT AND LEGAL AUTHORITY

**A.   Plaintiff's breach of contract claim against Defendant should be dismissed because Plaintiff's allegations are conclusory and do not plausibly show that Defendant breached the purported contract.**

The elements for a breach of contract claim in Georgia[1] are the breach, which must be more than *de minimis*, and the resultant damages to the party having the right to complain about the contract being broken. *Kuritzky v. Emory Univ.*, 294 Ga. App. 370, 371, 669 S.E.2d 179 (2008); see also *Alexander v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 2907 (quoting *Budget Rent-A-Car of Atlanta, Inc. v. Webb*, 220 Ga. App. 278 (1996)).

Here, FT Global states that the parties entered into an agreement on July 28, 2020.  (Doc. 1 – Compl.).  Under the purported Agreement, FT Global served as Future FinTech's exclusive agent in connection with any public or private offering, financing or capital raising transaction for three months.  (*Id.*).  FT Global further states that Future FinTech agreed to pay FT Global compensation that included a Placement Agent Fee if Future FinTech closed a capital raising transaction with any investor that was introduced to Future FinTech by FT Global and the transaction was facilitated by FT Global.  (*Id.*).  Furthermore, FT Global states that certain Restrictive Covenants within the Agreement proscribed Future FinTech from

---

[1] The parties agreed that Georgia law would apply to any dispute arising under their agreement.

disclosing the identity of potential investors FT Global introduced to Future FinTech. (*Id.*).

Allegedly, on December 29, 2020, Future FinTech consummated a securities purchase agreement with two investors that are on a "Protected Investors List" that FT Global provided to Future FinTech. FT Global maintains that it introduced Future FinTech to these two investors during the three month term of the Agreement. (*Id.*).

FT Global alleges in conclusory fashion that Future FinTech breached the Agreement by 1) refusing to pay FT Global the Placement Agent Fee and 2) disclosing FT Global's confidential and proprietary information and using that information to solicit capital-raising transactions with FT Global's protected investors. (*Id.*).

To state a plausible claim, Plaintiff must allege facts explaining how Defendant breached the contract (e.g., what Defendant did or did not do that it should have done). However, the Complaint does not allege sufficient facts to show that Future FinTech breached the purported contract. FT Global does not explain or describe the investors to whom FT Global introduced Future FinTech for whom Future FinTech is now obligated to pay FT Global a Placement Agent Fee. The Complaint also does not point to any information or facts regarding how Future

FinTech disclosed FT Global's confidential and proprietary information, to whom Future FinTech disclosed the confidential and proprietary information, and/or what confidential and proprietary information Future FinTech disclosed. The Complaint only alleges that Future FinTech breached the Agreement.

Plaintiff allege only that: 1) "FFG is now contractually obligated to pay Plaintiff a Placement" and "FFG's refusal to pay the Placement Agent Fee constitutes a material breach of the Agreement." 2) "Furthermore, the Agreement expressly proscribed FFG from (i) disclosing this confidential and proprietary information to any third parties; and (ii) using this confidential and proprietary information for any purpose unrelated to Plaintiff's performance under the Agreement . . ." and "FFG violated the Restrictive Covenants [under the Agreement] by both disclosing Plaintiff's confidential and proprietary information to third parties and by using Plaintiff's confidential and proprietary information". (*Id.*).

Accordingly, Plaintiff's Complaint fails because Plaintiff's allegations are conclusory and the Complaint fails to make sufficient factual allegations plausibly showing that Defendant breached the purported contract. Therefore, Plaintiff's breach of contract claim must be dismissed against Defendant for failure to state a claim upon which relief may be granted based on Plaintiff's conclusory general allegations that the agreement was breached by Future FinTech. Plaintiff must

provide allegations of greater specificity if it wishes to draft a complaint with allegations that "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**B.    Plaintiff's claim for breach of the covenant of good faith and fair dealing against Future FinTech should be dismissed.**

Under Georgia law, "[e]very contract implies the covenant of good faith and fair dealing in   the   contract's performance   and enforcement." *Secured Realty Investment v. Bank of North Georgia*, 314 Ga. App. 628, 630, 725 S.E.2d 336 (2012); see also (Citation and punctuation omitted.) *Kennedy v. Droughton Trust*, 277 Ga. App. 837, 840, 627 S.E.2d 887 (2006). "The implied covenant modifies and becomes part of the provisions of the contract, but the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability." *Myung Sung Presbyterian Church v. North American Assn. of Slavic Churches & Ministries*, 291 Ga. App. 808, 810, 662 SE.2d 745 (2008); see also *Morrell v. Wellstar Health System*, 280 Ga. App. 1, 5, 633 S.E.2d 68 (2006) ("there is no independent cause of action for violation of the covenant apart from breach of an express term of the contract"); see also *WirelessMD v. Healthcare.com Corp.*, 271 Ga. App. 461, 468, 610 S.E.2d 352 (2005); see also *OnBrand Media v. Codex Consulting, Inc.*, 301 Ga. App. 141, 147, 687 S.E.2d 168 (2009).

Here, the Complaint alleges that FT Global entered into an agreement with Future FinTech, and that Future FinTech breached the implied covenant of good faith and fair dealing by failing to perform the promises required by the contract by refusing to pay FT Global a Placement Agent Fee and disclosing FT Global's confidential and proprietary information to third parties. However, FT Global's claim for breach of the covenant of good faith and fair dealing against Future FinTech fails because FT Global has not set forth any breach of contract claim that is independent of Future FinTech's obligations under the contract. As stated above, FT Global's breach of contract claim under the contract is not a viable cause of action. It thus follows that FT Global cannot maintain a claim for breach of the covenant as an independent basis for liability as a matter of law. Georgia does not recognize an independent cause of action based upon an alleged breach of the implied covenant of good faith and fair dealing.   In order to state a claim for breach of the covenant of good faith and fair dealing, there must also be a claim for breach of contract. See *DeWeese v. JPMorgan Chase Bank, N.A.*, N.D.Ga. No. 2:13-CV-00059-RWS, 2013 U.S. Dist. LEXIS 166925 (Nov. 25, 2013); *TechBios, Inc. v. Champagne*, 301 Ga. App. 592, 595, 688 S.E.2d 378, 381 (2009) (observing that by adequately setting forth a claim of breach of contract, the duties imposed under the contract also serve as a sufficient basis for a claim of breach

of the implied covenant of good faith and fair dealing); *Layer v. Clipper Petroleum, Inc.*, 319 Ga. App. 410, 419, 735 S.E.2d 65, 73 (2012) (finding that because plaintiff could not prevail on his claims for breach of contract, plaintiff also could not prevail on a claim for breach of implied covenant of good faith and fair dealing).

Therefore, FT Global's breach of implied covenant of good faith and fair dealing must be dismissed as a matter of law because it has failed to plead or otherwise demonstrate a breach of contract by Future FinTech.

### C.   Plaintiff fails to state a claim for fraud against Future FinTech.

Georgia law provides the substantive elements.  To assert a claim for fraud in Georgia, a plaintiff must show (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages. See, e.g., *BTL COM v. Vachon*, 278 Ga. App. 256, 258, 628 S.E.2d 690 (2006). In most circumstances, actionable fraud cannot be predicated on a promise contained in a contract because fraud generally cannot be predicated on statements that are in the nature of promises as to future events, and to hold otherwise, any breach of a contract would amount to fraud. See *Hamilton v. Advance Leasing & Co.*, 208 Ga. App. 848, 850 (1993). However, an exception to this rule exists where a promise as to a future event is made with a present intent not to perform or where the promisor knows that the future event will

not take place.  *Id.* FT Global seems to intend to fit itself within Georgia's narrow exception but fails to plead facts necessary to show that such exception is plausibly pleaded under federal law.

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). Pleading a fraud claim that simply mimics the Georgia exception is not enough for particularity purposes. A complaint satisfies Rule 9(b) only if it sets forth (1) precisely what statements or omissions were made in what documents or oral representations; (2) the time and place of each statement or omission and the person responsible for making it; (3) the content of the statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud. *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). Plaintiff must "plead facts as to time, place, substance of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them."  *Brazil v. Janssen Research & Dev. LLC*, 249 F. Supp. 3d 1321, 1339 (N.D. Ga. 2016) (quoting *Jenkins v. BAC Loan Servicing LP*, 822 F. Supp. 2d 1369, 1380 (M.D. Ga. 2011)). This is often expressed as the need to plead the who, what, when, where and how of the alleged fraud. *Id.*

Applying that standard to the Georgia exception, FT Global must plead (1) precisely what statements or omissions were made that evinced that Future FinTech had a present intent not to perform under the Agreement or that payment would not take place; (2) the time and place of each statement or omission and the person responsible for making it; (3) the content of the statement and the manner in which it mislead FT Global; and (4) what Future FinTech obtained as a consequence of the fraud. FT Global does not plead any facts under the first point.  The general rule is that there can be no fraud without an express misrepresentation.  See *Miller v. Lomax*, 596 S.E.2d 232, 237 (Ga. Ct. App. 2004).  FT Global fails to precisely plead an express misrepresentation evincing that Future FinTech had a present intent not to perform under the Agreement or that payment would not take place. There are no facts pleaded to support the claim under that point.

Nor does FT Global plead anything supportive of point two.  FT Global does not plead the time and place of each statement and the person responsible for making it.  In fact, FT Global's pleading all but admits that FT Global has no idea who made any false statement, by tellingly faulting either a group or some member(s) of that group. FT Global fails to identify a particular person who made an allegedly false statement, when it was made, and where it was made.

14

As for the third and fourth points, FT Global seems to allege that the unidentified statement by an unknown person mislead FT Global into marshalling unidentified investors who ultimately invested in Future FinTech. Again, the details are nonexistent; this is the best that can be understood from even a liberal reading of FT Global's complaint as a whole. FT Global does not allege facts in its operative complaint that show it is "plausible" that it can sufficiently state a fraud claim under federal law. See *Twombly*, 550 U.S. at 556-57. A complaint that alleges facts, that are merely consistent with a defendant's liability or which support no more than a sheer possibility that a defendant has acted unlawfully, falls short of the plausibility standard. *Id.* at 570. Given the pleading failures evident in FT Global's fraud claim, this claim should be dismissed.

**D.   Plaintiff is not entitled to recover attorneys' fees pursuant to O.C.G.A. §13-6-11 because a bona fide controversy exists.**

FT Global's Complaint alleges that it is entitled to its attorney's fees and expenses of litigation pursuant to O.C.G.A. §13-6-11. "Under O.C.G.A. §13-6-11, a plaintiff may recover litigation expenses, including attorney fees, from a defendant who has been stubbornly litigious, has caused the plaintiff unnecessary trouble and expense, or has acted in bad faith." *Marshall v. King & Morgenstern*, 613 S.E.2d 7, 13 (Ga. Ct. App. 2005). "But where a bona fide controversy exists, a recovery under this Code section is impermissible unless there is evidence that the defendant has

acted in bad faith in the underlying transaction." *Grange Mut. Cas. Co. v. Kay*, 589 S.E.2d 711, 716 (Ga. Ct. App. 2003). "While issues of stubborn litigiousness are normally for the jury, if there is a bona fide controversy, there can be no stubborn litigiousness as a matter of law.'" *Id.* (quoting *Trust Co. Bank of Augusta v. Henderson*, 364 S.E.2d 289 (1987)); see also *American Family Life Assur. Co. of Columbus, Ga. v. U.S. Fire Co.*, 885 F.2d 826, 834 (11th Cir. 1989) ("If the insurance company raises a reasonable question of law or disputed issue of fact in refusing to fulfill a contractual obligation, however, the insurance company cannot have acted in bad faith as a matter of law.").

In this case, there can be little doubt that a bona fide controversy exists as to whether Future FinTech should be required to pay FT Global the disputed Placement Agent Fee under the Agreement; whether FT Global introduced the alleged investors to FT Global as FT Global does not even identify or describe the alleged investors; whether the alleged investors FT Global introduced to Future FinTech are protected investors as FT Global does not even identify or describe the alleged investors to whom FT Global introduced Future FinTech for which Future FinTech is now obligated to pay FT Global the disputed Placement Agent Fee; and whether FT Global has incurred the disputed $2,380,000 in damages.  FT Global fails to raise a

possible claim of recovery against Future FinTech for attorney's fees under O.C.G.A. §13-6-11. Accordingly, this claim fails as a matter of law.

Furthermore, because FT Global has failed to allege facts sufficient to state a claim for breach of contract, breach of covenant of good faith and fair dealing, and fraud against Future FinTech, FT Global cannot independently maintain a claim for attorney's fees against Future FinTech. Because there is no possibility that FT Global can establish a cause of action against Future FinTech under the facts contained in its Complaint, the Complaint should be dismissed.

## V. Conclusion

Based on the foregoing, Defendant Future FinTech Group, Inc. respectfully requests that Plaintiff FT Global Capital, Inc.'s cause of action be dismissed.

Respectfully submitted,

FISHERBROYLES, LLP

*/s/ Diem N. Kaelber*
Diem N. Kaelber
Georgia Bar No. 0087155
(Also barred in California, Florida, and Ohio)

*Attorneys for Defendant*
*Future FinTech Group, Inc.*

Mail: 21081 Canyon View Drive
Saratoga, CA 95070
(408) 898-3170 (Office)
(866) 414-5083 (Facsimile)
diem.kaelber@fisherbroyles.com

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| FT GLOBAL CAPITAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 1:21-cv-00594-JPB |
| | ) | |
| FUTURE FINTECH GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE**

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), Northern District of Georgia, specifically Times New Roman 14 point.

*/s/ Diem N. Kaelber*
Diem N. Kaelber

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing *Defendant Future FinTech Group, Inc.'s Motion to Dismiss and Memorandum of Law in Support* was filed electronically on March 9, 2021.  Notice of this filing will be sent by operation of the Court's electronic filing system upon the following counsel of record:

> Matthew H. Schwartz
> Schwartz Law Center, LLC
> 2985 Gordy Parkway
> Suite 550
> Marietta, Georgia 30066

> This 9th day of March, 2021.

Respectfully submitted,

FISHERBROYLES, LLP

*/s/ Diem N. Kaelber*
Diem N. Kaelber
Georgia Bar No. 0087155
(Also barred in California, Florida, and Ohio)

*Attorneys for Defendant*
*Future FinTech Group, Inc.*

Mail: 21081 Canyon View Drive
Saratoga, CA 95070
(408) 898-3170 (Office)
(866) 414-5083 (Facsimile)
diem.kaelber@fisherbroyles.com